UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ASHLEIGH HICKS, | § | |
| | § | |
| Plaintiff, | § | No. _____ |
| | § | |
| v. | § | |
| | § | |
| TYLER COUNTY and TYLER COUNTY | § | JURY TRIAL DEMANDED |
| SHERIFF, BRYAN WEATHERFORD, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Ashleigh Hicks (referred to as "Plaintiff" or "Hicks") and files this lawsuit against Defendants Tyler Country (referred to as "Tyler County") and Tyler County Sheriff, Bryan Weatherford, individually and in his official capacity (referred to as "Weatherford").[1]  As described more fully below, Defendants, acting under color of Texas law, violated Hicks' clearly established constitutional rights guaranteed to her by the United States Constitution.

### I.  Introduction

1.     This action seeks equitable relief, compensatory and punitive damages, attorney's fees, expert witness fees, costs of court, and prejudgment and postjudgment interest for violations of Hicks' constitutional rights.

---

[1] The defendants are sometimes collectively referred to as "Defendants."

## II.  Parties

2.      Plaintiff Ashleigh Hicks is a resident of Tyler County, Texas; at all relevant times, she was a jailer and dispatcher in the Tyler County Sheriff's Department.

3.      Defendant Tyler County is a political subdivision of the State of Texas and may be served with process by serving Tyler County Judge Jacques L. Blanchette at the Tyler County Courthouse, 100 West Bluff Rm # 102, Woodville, Texas 75979 or wherever he may be found.  *See*, Tex. Civ. Prac. & Rem. Code § 17.024(a).

4.      Defendant Bryan Weatherford is and, at all relevant times, was Sheriff of Tyler County, Texas; he may be served with process at the Tyler County Sheriff's Office, 702 N.  Magnolia, Woodville, Texas 75979 or wherever he may be found.  Weatherford is sued both in his individual capacity and in his official capacity.

## III.  Jurisdiction & Venue

5.      This action arises under 42 U.S.C. §§ 1983, 1988 and U.S. Const. amend. I.

6.      The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 because it arises under 42 U.S.C. §§ 1983, 1988, a federal statute, and because it seeks to redress the deprivation of rights, privileges, and/or immunities guaranteed by the United States Constitution.

7.      Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Defendants reside in the Lufkin Division of the Eastern District of Texas and/or a substantial part of the events or omissions giving rise to Hicks' claims occurred in the Lufkin Division of the Eastern District of Texas.

## IV.  Facts

8.      Hicks, an employee of the Tyler County Sheriff's Department was fired because of a post on social media related to a conversation between her ex-husband, Keith Andrew Broom, a deputy for Tyler County Sheriff's Department, regarding his failure to comply with court ordered child support obligations as well as the safety and welfare of a child.

9.      Before her termination, both Hicks and her then husband, Keith Andrew Broom, were employed with the Tyler County Sheriff's Department.

10.     During the latter portion of 2016, Hicks and Broom began having marital discord.  As soon as the sheriff and Chief Deputy Jeff Mashaw were made aware of Hicks' and Broom's marital discord, Broom was given preferential treatment.

11.     For example, after Hicks fearing for her safety was forced to call Woodville Police Department to assist with a domestic disturbance because Broom was inebriated, he was not subject to any type of discipline.

12.     However, Hicks was terminated because of her social media post regarding Mr. Broom's refusal to comply with court ordered child support obligations as well as the safety and welfare of a child.

13.     Further, following the domestic disturbance incident, Chief Deputy Jeff Mashaw arranged for Broom to have free housing owned by Colmesneil Independent School District.

14.     Almost immediately after divorce proceedings were initiated between Hicks and Broom, in approximately May of 2017, Sheriff Weatherford requested that the Texas Rangers investigate Hicks for allegedly hacking into Broom's Facebook account.

15.     Following an investigation, the Texas Rangers determined that Hicks did not commit any offense.

16.     While the divorce proceedings were pending, Sheriff Weatherford gave Broom two weeks paid leave because he and Tyler County were concerned about his mental health.

17.     Neither the County nor Sheriff Weatherford offered Hicks any paid leave.

18.     During the summer of 2017, the County and Sheriff Weatherford requested that Broom remove a Facebook post that showed him drinking and fraternizing with known felons; however, he was not subject to any disciplinary action.

19.     In approximately June of 2017, Broom was forced to move out of the free housing owned by Colmesneil Independent School District due to his consumption of alcohol on school property; however, again he was not subject to any disciplinary action by the County or Sheriff Weatherford.

20.     In or around the same timeframe, Broom was involved in an altercation in Crockett, Texas in a Walmart parking lot with Hicks' mother.  Hicks' mother met Broom at the Walmart parking lot to pick up their daughter when an argument ensued regarding Broom's return of the child safety seat.

21.     Broom's behavior in the Walmart parking lot towards Hicks' mother became so violent and threatening that a bystander called and made a written complaint to the Tyler

County Sheriff's Department; he was not subject to any disciplinary action by County or Sheriff Weatherford.

22.     On approximately June 30, 2017, Sheriff Weatherford issued a memo, stating that any employee who discussed the Hicks/Broom divorce would be terminated.

23.     Hicks' divorce from Broom became final in August of 2017.  The divorce decree ordered Broom to comply with certain child support obligations in connection with their minor child.

24.     On October 20, 2017 Hicks posted on social media a conversation between her ex-husband, Keith Andrew Broom, a deputy for Tyler County Sheriff's Department, regarding his failure to comply with court ordered child support obligations and the safety and welfare of the child.

25.     The following day, Hicks was informed by her supervisor, that Chief Deputy Mashaw wanted her to remove the post.  Hicks complied and removed the post.

26.     On October 24, 2017 Sheriff Weatherford and Tyler County terminated Hicks' employment citing that she had embarrassed the Tyler County Sheriff's Department and violated the Tyler County Sheriff Departments' Rules of Conduct and Behavior.

27.     As a result of Defendants' conduct, Hicks was terminated for engaging in public speech relating to a matter of public concern in violation of the rights guaranteed to her by U.S. Const. amend. I.

28.     Defendants' wrongful acts have directly and/or proximately caused grievous, permanent injury to Hicks, including great emotional distress, physical pain, mental

anguish, fear, humiliation, embarrassment, degradation, injury to her reputation, suffering

and economic damages (including loss of income).

### V.  Count One—Violation of 42 U.S.C. § 1983/<br>Hicks' First Amendment Rights: Freedom of Speech<br>(Weatherford)

29.     Hicks' adopts by reference all of the facts set forth above.  *See*, Fed. R. Civ.

P. 10(c).

30.     The First Amendment, made applicable to the states through the due process

clause of the Fourteenth Amendment, protects Hicks from any adverse employment action

resulting from speech involving a matter of public concern, specifically, public health and

safety as well and the welfare of a child.

31.     On October 20, 2017 Hicks posted on Facebook a conversation between her

ex-husband, Keith Andrew Broom, a deputy for Tyler County Sheriff's Department,

regarding his failure to comply with court ordered child support obligations and the safety

and welfare of a child.

32.     Speech involving a matter of public concern, involving public health and

safety as well and the welfare of a child, like Hicks' Facebook post, is protected by the

First Amendment and Tyler County policy, and her interest in speaking outweighs Tyler

County's interest in efficiency.

33.     Weatherford, however, acting under color of Texas law, terminated Hicks as

a result of her protected speech, and he did so while acting under color of law.

34.     Weatherford's unlawful conduct caused grievous, permanent injury to Hicks, including great distress, physical pain, mental anguish, fear, suffering and economic damages.

### VI.  Count Two—Violation of 42 U.S.C. § 1983/
### *Monell* Claim Against Local Governmental Entity:
### Unconstitutional Local Government Custom, Policy or Practice
### (Tyler County)

35.     Hicks adopts by reference all of the facts set forth above.  *See*, Fed. R. Civ. P. 10(c).

36.     Under Tyler County policy and Texas law, the Tyler County Sheriff is the final policymaking authority with respect to the employees who work for him, including Hicks.

37.     As the final policymaking authority with respect to the employees who work for him, a single decision by the Tyler County Sheriff constitutes a custom, policy or practice for § 1983 purposes.

38.     As evidenced by Hicks' termination and Weatherford's written justification for the termination, Tyler County had a custom, policy or practice of terminating employees for speech involving a matter of public concern, specifically, public health and safety as well and the welfare of a child.

39.     As the final policymaking authority vis-à-vis Hicks, Weatherford actually knew of the existence of the custom, policy or practice.

40.     When Weatherford terminated Hicks for engaging in protected, speech involving the matter of public concern, i.e., public health and safety as well and the welfare of a child, a constitutional violation occurred.

41.     Tyler County's custom, policy or practice of terminating employees for speech involving a matter of public concern served as the motivating force behind the constitutional violation.

42.     These customs, policies and/or practices, individually and in the aggregate, proximately caused grievous, permanent injury to Hicks, including great distress, physical pain, mental anguish, fear, suffering and economic damages.

## VII.   Attorney's Fees & Costs

43.     Hicks adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

44.     Hicks is authorized to recover attorney's fees and costs on her claims by statute and under principles of equity.  *See, e.g.*, 42 U.S.C. § 1988 (permitting recovery of attorney's fees for claims arising under 42 U.S.C. § 1983).

45.     Hicks has retained the professional services of the undersigned attorneys.

46.     Hicks has complied with the conditions precedent to recovering attorney's fees and costs.

47.     Hicks is entitled to recover her attorney's fees and costs.

48.     Hicks has incurred or may incur attorney's fees and costs in bringing this lawsuit.

49.     The attorney's fees and costs incurred or that may be incurred by Hicks were or are reasonable and necessary.

## VIII.  Conditions Precedent

50.     All conditions precedent have been performed or have occurred.

## IX.  Jury Demand

51.     Hicks demands a trial by jury on all issues triable to a jury. *See*, Fed. R. Civ. P. 38.

## X.  Prayer

52.     To redress the injuries directly and/or proximately caused by Defendants' wrongful conduct and to prevent the substantial risk of additional, irreparable injury from the customs, policies and/or practices complained of in this lawsuit, Hicks respectfully requests that the Court enter a judgment in her favor that provides the following relief:

a. damages in an amount to be established at trial resulting from the deprivation of Hicks' constitutional rights, including past and future economic loss, physical harm, emotional trauma, loss of privacy, and loss of reputation;

b. damages in an amount to be established at trial sufficient (1) to punish Defendants for their outrageous and malicious conduct which was undertaken with a reckless disregard for and with deliberate indifference to Hicks' constitutional rights; (2) to discourage Defendants from engaging in similar conduct in the future and (3) to deter others from engaging in similar unlawful conduct;

c. an award of reasonable and necessary attorney's fees as specifically authorized by, among other things, 42 U.S.C. § 1988;

d. an award of reasonable and necessary costs and expenses;

e. prejudgment interest as provided by law;

f. postjudgment interest as provided by law; and

g.  judgment for all the other relief to which Hicks may be entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: *[signature: Melissa Moore]*

Melissa Moore
State Bar No. 24013189
Curt Hesse
State Bar No. 24065414
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF
ASHLEIGH HICKS**